IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN A. MARTIN,

       Plaintiff,                    No. CIV S-10-0189 DAD P

     vs.

A. MASURET, et al.,

       Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28

U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations of an official personnel's involvement in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff has named almost forty defendants, including twenty John and Jane Does. Plaintiff alleges that the defendants conspired to transfer plaintiff to another prison in retaliation for litigating his civil rights action in Martin v. Pliler, No. Civ. S-03-0466

3

FCD JFM P.[1]  Plaintiff also appears to allege that defendants failed to properly consider and investigate his inmate grievance appeals, wherein he similarly alleged that prison officials were retaliating against him for pursuing a civil rights lawsuit.  In terms of relief, plaintiff seeks monetary damages.  (Compl. at 4-5G.)

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements set forth in Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff files an amended complaint, he is advised that he should allege in specific terms how each named defendant was involved in the deprivation of his rights.  As noted above, In his complaint plaintiff lists ten John Does and ten Jane Does.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Moreover, plaintiff fails to specify who these defendants might be or how these unknown defendants contributed to the violation of his constitutional rights.  Unless plaintiff provides some affirmative link or connection between a defendant's actions and the claimed deprivation, there can be no liability under 42 U.S.C. § 1983.  Rizzo v. Goode, 423 U.S.

---

[1] In that civil rights action, plaintiff alleged that he lost his job as library law clerk because prison officials retaliated against him for filing an inmate grievance.  That action proceeded to trial, where a jury returned a verdict in favor of the defendants on September 16, 2008.

4

1  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

2  In addition, plaintiff has inappropriately named the California State Prison in Sacramento (CSP) as a defendant.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency, unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332, 340 (1979); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the CSP has not consented to suit.  Accordingly, if plaintiff files an amended complaint that includes claims against the CSP, the court will recommend that those claims be dismissed as frivolous.

Plaintiff is also advised of the following legal standards that govern the claims that he is attempting to present.  First, plaintiff appears to be alleging a violation of his First Amendment rights because prison officials are retaliating against him for litigating a civil rights action.  As the Ninth Circuit has explained:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  Here, plaintiff's assertions with respect to the alleged retaliation are vague and conclusory.  Thus, if plaintiff decides to file an amended complaint he should specifically explain how the prison officials' actions chilled the exercise of his First Amendment rights and why the alleged actions of prison officials were not reasonably advancing a legitimate correctional goal.

Second, to the extent that plaintiff is alleging that prison officials violated his Due Process rights by failing to adequately investigate his inmate appeals, plaintiff is advised that he has failed, at this point, to state a cognizable claim for relief.  The alleged failure by prison officials to fully investigate his inmate grievances have not directly deprived plaintiff of any

5

1  constitutional rights under the Due Process Clause or any other constitutional provision.  See
2  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional
3  entitlement to a specific prison grievance procedure.") (citing Mann v. Adams, 855 F.2d 639, 640
4  (9th Cir. 1988)).
5         If plaintiff decides to file an amended complaint and wishes to pursue a due
6  process claim therein he must demonstrate that: (1) he has been deprived of a liberty or property
7  interest protected by the Due Process Clause; and (2) the procedures attendant upon the
8  deprivation were not constitutionally sufficient.  Ky. Dep't of Corr. v. Thompson, 490 U.S. 454,
9  459-60 (1989); see also McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).  In this regard,
10 a prisoner may be deprived of a liberty interest protected by the Due Process Clause if the state
11 action in question "inevitably affect[s] the duration of [the inmate's] sentence" or imposes "an
12 atypical and significant hardship on the inmate in relation to the ordinary incidents of prison
13 life."  Sandin v. Connor, 515 U.S. 472, 484-87 (1995).
14        Finally, plaintiff is informed that the court cannot refer to prior pleadings in order
15 to make his amended complaint complete.  Local Rule 220 requires that an amended complaint
16 be complete in itself without reference to any prior pleading.  This is because, as a general rule,
17 an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57
18 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer
19 serves any function in the case.  Therefore, as explained above, if plaintiff files an amended
20 complaint each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

1           3.  Plaintiff's complaint is dismissed;

2           4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

           5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: April 19, 2010.

*[signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
mart0189.14a