IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN A. MARTIN,

      Plaintiff,                      No. 2:10-cv-0189 WBS DAD (PC)

   vs.

A. MASURET, et al.,

      Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on a claim against defendant Hamad raised in plaintiff's second amended complaint, filed July 26, 2010. Plaintiff claims that defendant Hamad violated his rights under the First Amendment by falsifying information against plaintiff and caused him to be transferred to another prison in retaliation for an earlier lawsuit plaintiff had filed against Hamad. (Sec. Am. Compl. (SAC) at 5-5B.)

        On September 9, 2011, defendant Hamad filed a motion for summary judgment. On October 14, 2011, plaintiff filed a motion pursuant to Fed. R. Civ. P. 56(d) to postpone consideration of defendants' motion for summary judgment. On October 20, 2011, defendant filed an opposition to plaintiff's motion. Defendant Hamad opposes the motion on the ground that plaintiff did not timely conduct any discovery in this action and has neither shown good

1

cause for an extension of the discovery cutoff nor provided any explanation why he could not have sought the discovery he now seeks during the time set for discovery in the court's scheduling order filed March 1, 2011.

In support of his Rule 56(d) motion, plaintiff contends that he needs discovery of several additional items, including: a certified copy of the transcript of a jury trial held in another case filed by plaintiff in this court, No. 2:03-cv-0466 GEB JFM (PC); the names of all jurors in that trial, the names of the transportation officer and sergeant who brought plaintiff to and from the trial; and the log book showing that plaintiff was served on March 9, 2011 with defendant Hamad's requests for admissions in this case. In addition, plaintiff states that he needs to locate two witnesses to obtain declarations from them in support of his opposition and needs time to review his central file to obtain additional documents to oppose defendant's motion.

Plaintiff contends that he needs all of the additional discovery identified above, with the exception of the log book, because in support of the motion for summary judgment defendant Hamad has for the first time disclosed the contents of a confidential memorandum she wrote on September 21, 2008 that led to plaintiff's alleged retaliatory transfer. Plaintiff contends that on September 23, 2008, he was served with a CDC Form 128-B1 Notice of Classification Hearing informing him that he was to appear before a classification committee on or after September 25, 2008 for consideration of transfer. See Plaintiff's Motion for Postponement, filed October 14, 2011 (Doc. No. 35), at 16. The notice was accompanied by a confidential information disclosure form informing plaintiff that prison officials had received confidential information that he had made a threatening statement toward a staff member at California State Prison-Sacramento (CSP-Sacramento). Plaintiff contends that the disclosure form indicated that he had made the threatening statements at CSP-Sacramento, and that he did not learn until defendant filed her motion for summary judgment that she had written in the memorandum that the threatening statements were made not at CSP-Sacramento but during the jury trial in Case No. 2:03-cv-0466 GEB JFM (PC). See id. at 17.

Federal Rule of Civil Procedure 56(d) authorizes the court to defer consideration of a motion for summary judgment and allow a party "time to obtain affidavits or declarations or to take discovery" where "a nonmovant shows by affidavits or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).[1] "Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988); [additional citation omitted]. Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim." Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, . . ., and that it would prevent summary judgment." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996) (citing Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995)). "The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" Conkle, at 914 (quoting California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990).

Pursuant to the scheduling order filed in this action on March 1, 2011, the parties were granted until June 17, 2011 to conduct discovery, and all discovery requests were to be served sixty days prior to that date. Plaintiff did not serve any discovery requests in this action until June 20, 2011, three days after the deadline for completion of discovery expired, and sixty-three days after the deadline set for the service of discovery requests. See Declaration of Matthew Ross Wilson in Support of Defendant Hamad's Opposition to Plaintiff's Motion for Postponement of the Consideration of Defendant's Motion for Summary Judgment, filed October 20, 2011 (Doc. No. 39), at ¶¶ 3-5 and Exs. A-F. Plaintiff has tendered no explanation for his

---

[1] These provisions of Rule 56 were formerly found in subsection (f) of the rule.

failure to timely serve discovery requests on defendant Hamad.[2]  Moreover, with the exception of the mail log, plaintiff has made no showing what any of the discovery he now contends he needs would show, why it is essential to his opposition to defendant Hamad's motion for summary judgment, or how it would prevent the granting of summary judgment for defendant Hamad.

With respect to the mail log, plaintiff seeks the log in order to refute defendant Hamad's assertions in her motion for summary judgment that plaintiff admitted certain facts through failing to timely respond to requests for admissions.  See Pl's Mot. for Postponement (Doc. No. 35), at 13 (citing Def's Mot. for Summ. J. at 3 and 7).  Plaintiff correctly notes that by order filed May 26, 2011, he was granted an additional period of thirty days to respond to defendant Hamad's request for admissions.  See Order filed May 26, 2011 (Doc. No. 32). Plaintiff further represents that on June 20, 2011, he served additional responses on defendant Hamad.  See Pl.'s Mot. for Postponement, at 13.  Defendant Hamad does not dispute this assertion in her opposition to plaintiff's motion for postponement.

Plaintiff does not need the mail log in order to oppose this portion of defendant Hamad's motion for summary judgment.  All of the evidence required to oppose this argument, specifically, the court's May 26, 2011 order and the responses plaintiff asserts that he served on June 20, 2011, are in plaintiff's possession.

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's October 14, 2011 motion to postpone consideration of defendant's motion for summary judgment and for additional discovery (Doc. No. 35) is denied;

2. Within twenty-one days from the date of this order plaintiff shall file and serve an opposition, if any he has, to defendant Hamad's September 9, 2011 motion for summary judgment; and

---

[2] Plaintiff apparently contends that he couldn't seek discovery without first reviewing a copy of the September 21, 2008 confidential memorandum.  See Pl.'s Mot. for Postponement, at 5.  This does not explain his failure to timely serve a request for production of the memorandum.

3. Defendant Hamad's reply, if any, shall be filed and served not later than seven days thereafter.

DATED: April 3, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
mart0189.56d