IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN A. MARTIN,

    Plaintiff,                    No. 2:10-cv-0189 WBS DAD P

    vs.

D. HAMAD,

    Defendant.[1]               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On September 9, 2011, defendant D. Hamad filed a motion for summary judgment in this action pursuant to Federal Rule of Civil Procedure 56.  On April 27, 2012, plaintiff filed an opposition to the motion for summary judgment.  In light of the July 6, 2012 decision of the United States Court of Appeals for the Ninth Circuit in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and good cause appearing, defendant's motion will be denied without prejudice to its renewal within twenty-eight days from the date of this order.

        Pursuant to Woods, Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby once again

/////

---

[1] Good cause appearing, the caption in this action is amended to reflect that the action is proceeding only against defendant D. Hamad, who is the sole defendant named in plaintiff's second amended complaint.  Henceforth the action shall be denominated Martin v. Hamad, No. 2:10-cv-0189 WBS DAD P.

1

1    informs plaintiff of the following requirements for opposing a motion for summary judgment
2    pursuant to Fed. R. Civ. P. 56.[2]  Such a motion is a request for an order for judgment in favor of
3    the defendant without trial.  A defendant's motion for summary judgment will set forth the facts
4    that the defendant contends are not reasonably subject to dispute and that entitle the defendant to
5    judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her
6    claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on
7    plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that
8    plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the
9    complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or
10   declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who
11   signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may
12   rely on written records, but plaintiff must prove that the records are what plaintiff asserts they
13   are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to
14   interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the
15   defendant's evidence with counteraffidavits or other admissible evidence, the court may accept
16   defendant's evidence as true and grant the motion.  If there is some good reason why such facts
17   are not available to plaintiff when required to oppose a motion for summary judgment, the court
18   will consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P.
19   56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to
20   postpone consideration of the motion, the court may consider the failure to act as a waiver of
21   opposition to the defendant's motion.  See L.R. 230(l).  If the court grants the motion for
22   summary judgment, whether opposed or unopposed, judgment will be entered for the defendant
23   without a trial and the case will be closed as to that defendant.
24   /////

---

[2] Plaintiff was previously informed of these requirements in the court's order filed September 3, 2010.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's September 9, 2011 motion for summary judgment (Doc. No. 33) is denied without prejudice to its renewal within twenty-eight days from the date of this order;

2. Should defendant choose to renew the motion for summary judgment, defendant shall serve on plaintiff all documents filed as part of the renewed motion or relied on to support the motion;

3. Plaintiff's opposition to any renewed motion shall be filed and served not later than twenty-eight days after service of the renewed motion; and

4. Defendant's reply brief, if any, shall be filed and served not later than fourteen days after service of plaintiff's opposition.

DATED: August 14, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD12
mart0189.ntc