1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN A. MARTIN,

11            Plaintiff,                 No. 2:10-cv-0189 WBS DAD (PC)

12        vs.

13   A. MASURET, et al.,

14            Defendants.                 <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on a claim against

18   defendant Hamad raised in plaintiff's second amended complaint which was filed July 26, 2010.

19   Therein, plaintiff claims that defendant Hamad violated his rights under the First Amendment by

20   putting false information about plaintiff in a confidential memorandum that Hamad submitted to

21   a lieutenant in the Institution Services Unit and thereby causing plaintiff to be transferred to

22   another prison in retaliation for an earlier lawsuit plaintiff had filed against Hamad.  (Sec. Am.

23   Compl. (SAC) at 5-5B.)  Several matters are now pending before the court.

24            On October 3, 2012, plaintiff filed a motion for reconsideration of this court's

25   April 4, 2012 order denying his motion brought pursuant to Federal Rule of Civil Procedure

26   56(d) to postpone consideration of defendant Hamad's motion for summary judgment.

1   Defendant Hamad's September 9, 2011 motion for summary judgment was denied without

2   prejudice by order filed August 15, 2012.  (Doc. No. 46).  Plaintiff's motion for reconsideration

3   has therefore been rendered moot and will be denied.

4            On August 16, 2012, defendant Hamad filed a renewed motion for summary

5   judgment.  On September 17, 2012, plaintiff filed a motion for extension of time to file a

6   renewed Rule 56(d) motion to postpone consideration of defendant Hamad's motion for

7   summary judgment.   By order filed September 27, 2012 (Doc. No. 50), plaintiff was granted

8   thirty days in which to file an opposition to defendant Hamad's motion for summary judgment.

9   On October 4, 2012, plaintiff filed an objection to that order, contending that he was seeking an

10  extension to file a Rule 56(d) motion, not an extension of time to file his opposition to the

11  pending motion for summary judgment.  On October 25, 2012, defendant Hamad filed a response

12  (Doc. No. 54) to plaintiff's objections, and on November 29, 2012, plaintiff filed a reply (Doc.

13  No. 61) to defendant Hamad's response.  On November 1, 2012, plaintiff filed his renewed

14  motion pursuant to Fed. R. Civ. P. 56(d) to postpone consideration of defendant Hamad's August

15  16, 2012 motion for summary judgment.  (Doc. No. 57.)  On November 2, 2012, defendant

16  Hamad filed an application for an extension of time to respond to plaintiff's November 1, 2012

17  Rule 56(d) motion (Doc. No. 59).  On November 24, 2012, defendant Hamad filed an opposition

18  to plaintiff's Rule 56(d) motion (Doc. No. 60), and on December 7, 2012, plaintiff filed a reply

19  (Doc. No. 64).

20           Good cause appearing, defendant Hamad's request for extension of time will be

21  granted and defendant Hamad's opposition to plaintiff's Rule 56(d) motion will be deemed

22  timely filed.  Plaintiff's Rule 56(d) motion will be considered and resolved by this order and

23  plaintiff will be granted an additional period of time in which to file and serve a substantive

24  opposition to defendant Hamad's August 16, 2012 motion for summary judgment.

25           Federal Rule of Civil Procedure 56(d) authorizes the court to defer consideration

26  of a motion for summary judgment and allow a party "time to obtain affidavits or declarations or

1    to take discovery" where "a nonmovant shows by affidavits or declaration that, for specified

2    reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).[1]

3    "Though the conduct of discovery is generally left to a district court's discretion, summary

4    judgment is disfavored where relevant evidence remains to be discovered, particularly in cases

5    involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988);

6    [additional citation omitted]. Thus, summary judgment in the face of requests for additional

7    discovery is appropriate only where such discovery would be "fruitless" with respect to the proof

8    of a viable claim." Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). "The burden is on the

9    party seeking additional discovery to proffer sufficient facts to show that the evidence sought

10   exists, . . ., and that it would prevent summary judgment." Nidds v. Schindler Elevator Corp.,

11   113 F.3d 912, 921 (9th Cir. 1996) (citing Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995)).

12   "The district court does not abuse its discretion by denying further discovery if the movant has

13   failed diligently to pursue discovery in the past.'" Conkle, at 914 (quoting California Union Ins.

14   Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990).

15         In his Rule 56(d) motion, plaintiff contends that he needs a copy of the transcript

16   of the jury trial held in plaintiff's earlier action in this court, Case No. 2:03-cv-0466 GEB JFM

17   (PC). Plaintiff apparently seeks the trial transcript in order to contest defendant Hamad's

18   averments that plaintiff testified at that trial. Plaintiff contends that he did not testify at that

19   trial.[2] However, plaintiff has not demonstrated any reason to believe that defendant Hamad has a

20   copy of the earlier trial transcript which he desires in her possession. Nor has plaintiff

21   established that the trial transcript from his earlier case is otherwise the proper subject of

22   discovery. Of course, plaintiff may order a copy of the trial transcript in his earlier case at his

23   _____

24         [1]  These provisions of Rule 56 were formerly found in subsection (f) of the rule.

25         [2]  The minutes of the trial proceedings held in Case No. 2:03-cv-0466 GEB JFM P on
     September 16, 2008 suggest that plaintiff may well be correct in his assertion that he did not
     testify at that trial. However, those minutes also suggest that plaintiff may have made an opening
26   statement to the jury prior to his calling of defendant Hamad as a witness.

                                                  3

1   own expense.  The court will not, however, delay consideration of defendant's motion for

2   summary judgment for that purpose.  As he has in support of the instant Rule 56(d) motion,

3   plaintiff may present his own declaration as evidence of relevant events at the jury trial in Case

4   No. 03-cv-0466 GEB JFM P in opposing defendant Hamad's pending motion for summary

5   judgment.  In that declaration, plaintiff may attest under penalty of perjury that he did not testify

6   at the 2008 trial and made no threatening comments in his opening statement, if that be the case.

7   For these reasons, plaintiff's Rule 56(d) motion will be denied and he will be given one final

8   period of twenty-one days in which to file and serve an opposition to defendant Hamad's August

9   16, 2012 motion for summary judgment.  Plaintiff's failure to file an opposition to the pending

10  motion for summary judgment within that twenty-one day period as directed may be deemed a

11  statement of his non-opposition and result in a recommendation that defendant's motion for

12  summary judgment be granted.

13          Finally, on October 26, 2012, plaintiff filed a motion pursuant to Fed. R. Civ. P.

14  60 for reconsideration of this court's August 3, 2010 order in which the court found that

15  plaintiff's second amended complaint does not state cognizable claims against any defendant

16  other than defendant Hamad.  Plaintiff sought reconsideration of that order by the district court

17  on August 18, 2010 (Doc. No. 12).  By order filed September 3, 2010 (Doc. No. 16), the assigned

18  District Judge affirmed this court's August 3, 2010 order.  Plaintiff argues that he was not timely

19  provided with a copy of the entire confidential memorandum written by defendant Hamad.  He

20  apparently contends that a complete copy of the memorandum was necessary to permit him to

21  adequately plead a connection between the acts or omissions by the other defendants and the

22  retaliation claim he has brought against defendant Hamad.  However, the court notes that

23  plaintiff received a copy of the memorandum he refers to in September of 2011, in connection

24  with defendant Hamad's first motion for summary judgment.  Plaintiff has provided no

25  explanation for his delay of over one year after he was provided the memorandum in bringing the

26  present motion.  Nor does the memorandum itself contain anything that would cause this court to

1  reconsider or amend the finding that plaintiff's second amended complaint does not state a

2  cognizable claim against anyone other than defendant Hamad.  For these reasons, plaintiff's Rule

3  60 motion will be denied.

4              For all of the foregoing reasons, IT IS HEREBY ORDERED that:

5              1.  Plaintiff's October 3, 2012 motion for reconsideration (Doc. No. 51) is denied;

6              2.  Plaintiff's October 26, 2012 motion brought pursuant to Federal Rule of Civil

7  Procedure 60 (Doc. No. 55) is denied;

8              3.  Plaintiff's November 1, 2012 motion brought pursuant to  Federal Rule of

9  Civil Procedure 56(d) (Doc. No. 57) is deemed timely filed;

10             4.  Defendant's November 2, 2012 application for an extension of time to respond

11  to plaintiff's Rule 56(d) motion (Doc. No. 59) is granted;

12             5.  Plaintiff's November 1, 2012 motion pursuant to Federal Rule of Civil

13  Procedure 56(d) (Doc. No. 57) is denied;

14             6.  Plaintiff is granted one final period of twenty-one days in which to file and

15  serve an opposition, if any he has, to defendant Hamad's August 16, 2012 motion for summary

16  judgment.  A failure to file an opposition within the time provided may be deemed a statement of

17  plaintiff's non-opposition and result in a recommendation that defendant's motion for summary

18  judgment be granted.; and

19             7.  Defendant Hamad's reply, if any, shall be filed and served not later than seven

20  days thereafter.

21  DATED: January 25, 2013.

22

23                                          _Dale A. Drozd_____

24                                          DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE

25  DAD:12
    mart10cv0189.56dsec

26