IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN A. MARTIN,

        Plaintiff,                    No. 2:10-cv-0189 WBS DAD P

    vs.

A. MASURET, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on a claim against defendant Hamad raised in plaintiff's second amended complaint, filed with the court on July 26, 2010. (Doc. No. 10.)

        On September 9, 2011, counsel on behalf of defendant Hamad filed a motion for summary judgment (Doc. No. 33). In response, on October 14, 2011, plaintiff filed a motion pursuant to Fed. R. Civ. P. 56(d) to postpone consideration of the motion for summary judgment (Doc. No. 35). Defendant opposed that motion (Doc. No. 39). On April 4, 2012, this court denied plaintiff's Rule 56(d) motion. (Doc. No. 40.) On April 23, 2012, plaintiff filed a request for reconsideration of the order denying his Rule 56(d) request (Doc. No. 41), and on April 27, 2012, plaintiff filed an opposition to the September 9, 2011 motion for summary judgment (Doc. No. 42). On May 3, 2012, counsel for defendant Hamad filed a reply in support of the September

1  9, 2011 motion for summary judgment (Doc. No. 43). On May 4, 2012, the assigned District
2  Judge denied plaintiff's motion for reconsideration of this court's April 4, 2012 order in which
3  plaintiff's 56(d) motion for postponement was denied (Doc. No. 44).
4         On August 15, 2012, this court issued an order denying defendant's motion for
5  summary judgment without prejudice (Doc. No. 46). That order was predicated on the July 6,
6  2012 decision in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) concerning contemporaneous
7  notice requirements for motions filed in cases brought by pro se inmate litigants. See id. at 1.
8  Defendant was granted twenty-eight days to renew the motion for summary judgment and
9  plaintiff was directed to file an opposition to any renewed motion not later than twenty-eight days
10 after service of the motion. Id. at 3.
11        Defendants filed and served their renewed motion on August 16, 2012 (Doc. No.
12 47). On September 17, 2012, plaintiff filed a motion for extension of time to oppose the
13 summary judgment motion. (Doc. No. 48.) On September 27, 2012, the court granted plaintiff
14 an additional thirty days in which to file and serve his opposition to defendant's motion for
15 summary judgment. (Doc. No. 50). Thereafter, rather than filing an opposition to the pending
16 motion for summary judgment as directed, plaintiff filed motions for reconsideration of this
17 court's April 4, 2012 order denying his Rule 56(d) motion (Doc. No. 51), objections to the order
18 granting his motion for extension of time (Doc. No. 53), a motion pursuant to Rule 60 of the
19 Federal Rules of Civil Procedure (Doc. No. 55), and a new motion for postponement of summary
20 judgment proceedings pursuant to Rule 56(d) (Doc. No. 57). Defendant Hamad responded to all
21 of plaintiff's various motions and objections. (Doc. Nos. 52, 54, 56, and 60.) Plaintiff filed reply
22 briefs in support of his three motions, as well as in support of his objections (Doc. Nos. 61-64).
23        By order filed January 25, 2013, this court denied all of plaintiff's motions and
24 granted him one final period of twenty-one days in which to file and serve an opposition to
25 defendant's long-pending motion for summary judgment. (Doc. No. 65.) On February 11, 2013,
26 plaintiff filed a request for reconsideration of that order (Doc. No. 66). On February 22, 2013,

the assigned District Judge denied plaintiff's request for reconsideration. (Doc. No. 68.) Also on February 22, 2013, plaintiff filed yet another motion for extension of time to complete copying of his opposition to defendant's motion for summary judgment, this time requesting an additional four-days to file his opposition. (Doc. No. 69.) Despite having previously warned plaintiff that no further extensions of time would be granted for this purpose, the undersigned granted plaintiff's request, giving him until March 1, 2013 to place his long-promised opposition to defendant' motion for summary judgment in the mail. (Doc. No. 68.)

Nonetheless, and despite the wide latitude granted to plaintiff by the court throughout these proceedings, as of March 13, 2013, no opposition by plaintiff's to defendants' August 16, 2012 motion for summary judgment has been entered on the docket in this action. "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending before the court for over three years and is well past the stage set by the court's March 1, 2011 scheduling order, for resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury trial. (See Scheduling Order, filed March 1, 2011 (Doc. No. 29).) Plaintiff's failure to comply with this court's February 22, 2013 order suggests either that he has abandoned this action or, more likely,

that he is continuing his pattern of delay evidenced at least since the time defendant's present motion for summary judgment was filed. Plaintiff's failure to file any opposition to defendant's long-pending motion for summary judgment also suggests that any further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention of pursuing in accordance with this court's orders.

The fifth Ferdik factor also favors dismissal of this action. The court has advised plaintiff of the requirements under the Local Rules and repeatedly granted him ample additional time to oppose the pending motion for summary judgment, all to no avail. At this time the court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third Ferdik factor, prejudice to defendants from plaintiff's failure to oppose the motion, carries little weight. Plaintiff's failure to oppose the motion does not put defendants at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned. The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 13, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
mart10cv0189.46fr

5